UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CHARLES ANDERSON,

Petitioner,

v.

JUDY SMITH,

Respondent.

Civil File No. 01-1711 (ADM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this matter be transferred to the U.S. District Court for the Western District of Wisconsin.

## I. BACKGROUND

Petitioner commenced this action on July 17, 1998, by filing a § 2254 habeas corpus petition in the U.S. District Court for the Eastern District of Wisconsin. His petition challenges his 1992 convictions in Portage County, Wisconsin, on charges of child sexual abuse. Even though he was convicted in the Western District of Wisconsin, (where Portage County is located), he filed his habeas corpus petition in the Eastern District of Wisconsin, because he was incarcerated in that district, (in Oshkosh, Wisconsin), at that time.

For reasons that are not readily apparent, the Respondent in this action was not ordered to respond to Petitioner's habeas corpus petition until April 3, 2001, which was

FILED SEP 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

nearly three years after the petition had been filed. By that time, the Wisconsin Department of Corrections had caused Petitioner to be transferred to a new detention facility. He was transferred to the Prairie Correctional Facility ("PCF"), located in Appleton, Minnesota, apparently sometime in October 2000.

Because Petitioner was no longer incarcerated within the district where he had filed his habeas petition, (namely the Eastern District of Wisconsin), the Respondent in this action moved to have the petition dismissed for lack of venue. By consent of the parties, Respondent's motion to dismiss was heard and decided by Magistrate Judge Aaron E. Goodstein.

Magistrate Judge Goodstein concluded that the Eastern District of Wisconsin was not a proper venue for Petitioner's habeas petition, because Petitioner had not been convicted in that district, and he was no longer confined in that district. However, the Magistrate Judge declined to dismiss the petition, based on his concern that Petitioner might be faced with a statute of limitations defense if he were forced to commence an entirely new habeas action in a different district.[1] Therefore, instead of dismissing the action, Magistrate Judge Goodstein concluded that the action should be transferred to a district that would be a proper venue.

---

[1] Magistrate Judge Goodstein noted that the Eastern District of Wisconsin was a proper venue when the petition was filed, (because Petitioner was then confined there), and that the venue issue had arisen only because of Petitioner's apparently involuntary transfer to a prison in another district. With that in mind, the Magistrate Judge apparently believed (and we would concur) that it would have been inequitable to dismiss the petition, and subject Petitioner to a possible statute of limitations defense in any new action.

Magistrate Judge Goodstein recognized that this action could properly be adjudicated either in the Western District of Wisconsin, because that is where Petitioner was convicted, or in the District of Minnesota, because that is where Petitioner is currently confined. He elected to transfer the case to this District, because there was, at that time, another related case pending here – Anderson v. O'Dell, No. 00-2655 (ADM/ESS).

Petitioner commenced Anderson v. O'Dell on December 7, 2000, by filing a petition in this district, seeking habeas corpus relief under 28 U.S.C. § 2241. At the initial screening stage of the proceedings, this Court recognized that Petitioner's § 2241 habeas petition challenged the validity of his Wisconsin state court criminal convictions. We concluded that although Minnesota was a proper venue for Anderson v. O'Dell, (by reason of Petitioner's incarceration within this district), the Western District of Wisconsin would be a better venue. In a Report and Recommendation ("R&R") to District Court Judge Ann D. Montgomery, we explained that "[w]hen a prisoner is incarcerated in a state other than the state in which he was convicted, it is generally preferable to have his federal habeas corpus claims considered in the state where he was convicted." Anderson v. O'Dell, No. 00-2655 (ADM/ESS), Report and Recommendation dated December 27, 2000, [Docket No. 2], at p. 2, citing Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973). It was therefore recommended that Anderson v. O'Dell be transferred to the Western District of Wisconsin.

Petitioner objected to this Court's recommendation that his § 2241 petition should be transferred to the Western District of Wisconsin. However, the District Court Judge conducted a de novo review of the matter, and concluded that such a transfer would be appropriate. Therefore, by order dated February 2, 2001, District Court Judge

Montgomery ordered that Anderson v. O'Dell be transferred to the Western District of Wisconsin.

The Clerk's office promptly carried out the transfer order and sent the file for Anderson v. O'Dell to the Western District of Wisconsin. A short time later, however, Petitioner filed a notice of appeal in that case. The Clerk of our Court then sent a letter to the Western District of Wisconsin, asking that Court to decline to exercise jurisdiction and return the file to Minnesota so the appeal could be processed here. The Clerk's letter, dated March 5, 2001, informed the Wisconsin District Court that the case would be "re-transferred" back to Wisconsin after the appeal was completed -- unless, of course, the Circuit Court overturned the original transfer order. Pursuant to the Clerk's request, Anderson v. O'Dell was returned to Minnesota, and Petitioner's appeal went before the Eighth Circuit Court of Appeals.

On April 18, 2001, the Eighth Circuit dismissed Petitioner's appeal for lack of jurisdiction, which meant that Judge Montgomery's original transfer order remained effective. As of September 13, 2001, however, the transfer order (in Anderson v. O'Dell) had not been carried out by the Clerk's office. In other words, the Clerk's office had not yet "re-transferred" the case back to Wisconsin following Petitioner's unsuccessful appeal, as expressly contemplated by the Clerk's previous letter to the Western District of Wisconsin.

Thus, when the instant case came before Magistrate Judge Goodstein, and he was considering which district this case should be transferred to, he observed that there was a related case -- namely Anderson v. O'Dell -- that was still pending in this District.

Because Anderson v. O'Dell was still pending here (at that time), and because Petitioner is still incarcerated here, Magistrate Judge Goodstein concluded that it would be most appropriate to transfer the present proceedings to this district. On September 13, 2001, he ordered that the instant case be transferred to the Minnesota District Court, (Docket No. 20), and on September 17, 2001, the file was received in our Clerk's office.

On September 21, 2001, Anderson v. O'Dell was re-transferred to the Western District of Wisconsin, pursuant to Judge Montgomery's order of February 2, 2001. Therefore, only Petitioner's current § 2254 petition is still pending in this district at this time.

For the reasons discussed below, it will now be recommended that Petitioner's current petition should not be entertained in this district, but should instead be transferred to the district in which Petitioner was convicted – i.e., the Western District of Wisconsin.

**II. DISCUSSION**

As explained in this Court's R&R in Anderson v. O'Dell, and reiterated in the District Court Judge's order adopting that R&R, a state prisoner can properly seek habeas corpus review of his state criminal conviction either in the district where he was convicted or in the district where he is confined. Therefore, the instant petition can properly be entertained either in this District, (because Petitioner is confined here), or in the Western District of Wisconsin, (because Petitioner was convicted there).

As a general rule, however, it is preferable to have a state prisoner's habeas petition adjudicated in the district where he was convicted. Wilkins, 484 F.2d at 973. See also Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New

Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). That is why Anderson v. O'Dell was transferred to the Western District of Wisconsin. The principle that prompted the transfer of Petitioner's other habeas case is equally applicable here. Because Petitioner's current § 2254 habeas petition is challenging his Wisconsin state court criminal conviction, this action also should be adjudicated in the Western District of Wisconsin.

The fact that Anderson v. O'Dell has now been transferred to the Western District of Wisconsin provides another persuasive reason for also transferring the instant case to that district. Transferring this case will allow a single court, i.e., the Western District of Wisconsin, to determine how Petitioner's two habeas cases are interrelated, and how each case might affect the other.

Finally, the Court notes that Magistrate Judge Goodstein expressly contemplated that both of Petitioner's habeas actions probably would end up in the Western District of Wisconsin. In his transfer order he pointed out that "[t]his transfer will enhance judicial efficiency, by allowing both habeas petitions to be processed by the same court, which [in] all likelihood, will be the Western District of Wisconsin." Order dated September 13, 2001, [Docket No. 20], at p. 4, (emphasis added). Thus, even though Magistrate Judge Goodstein ordered that this case be transferred to this district, he clearly recognized that it would be best to have both of Petitioner's habeas cases ultimately heard and decided in the district where he was convicted.

In sum, the Court concludes that the instant petition should be litigated in the district where Petitioner was tried, convicted and sentenced, and where his other habeas case is now pending. It will therefore be recommended that the Clerk of Court be directed to transfer this case to the U.S. District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this action to the U.S. District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).

DATED: September 26, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.